UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MILFORD GANGADEEN, RONALD BROW, SHARON
HALLOWAY, and AKINDRA REAPE,

                                           Plaintiffs,

- against -

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF HEALTH AND MENTAL
HYGIENE, THOMAS R. FRIEDEN, SARAH BEATRICE
and, THOMAS J. BREUERS,

                                         Defendants.

------------------------------------------------------------------------ x

**ANSWER TO SECOND
AMENDED COMPLAINT**

07 Civ 10965 (DAC)

       Defendants, The City Of New York, New York City Department of Health and Mental Hygiene and Thomas R. Frieden, ("City defendants")[1] by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Second Amended Complaint allege as follows:

       1.     Deny the allegations set forth in paragraph "1" of the Second Amended Complaint except admit that plaintiffs purport to proceed as set forth in that paragraph.

       2.     Deny the allegations set forth in paragraph "2" of the Second Amended Complaint.

       3.     Deny the allegations set forth in paragraph "3" of the Second Amended Complaint except deny knowledge or information sufficient to form a belief as to plaintiff Gangadeen's citizenship or residence.

---

[1] On information and belief, the City of New York, New York City Department of Health and Mental Hygiene and Thomas Frieden are the only defendants who have been served with the summons and Second Amended Complaint as of the date of this answer.

4.      Deny the allegations set forth in paragraph "4" of the Second Amended Complaint except deny knowledge or information sufficient to form a belief as to plaintiff Brow's citizenship or residence.

5.      Deny the allegations set forth in paragraph "5" of the Second Amended Complaint except deny knowledge or information sufficient to form a belief as to plaintiff Halloway's citizenship or residence.

6.      Deny the allegations set forth in paragraph "6" of the Second Amended Complaint except deny knowledge or information sufficient to form a belief as to plaintiff Reape's citizenship or residence.

7.      Deny the allegations set forth in paragraph "7" of the Second Amended Complaint except admit that the City of New York is a municipal corporation duly organized and existing by virtue of the laws of the State of New York.

8.      Deny the allegations set forth in paragraph "8" of the Second Amended Complaint except admit that the New York City Department of Health and Mental Hygiene is an agency of the City of New York, established pursuant to the New York City Charter §551, with an office located at 2 Lafayette Street, New York, New York 10007.

9.      Deny the allegations set forth in paragraph "9" of the Second Amended Complaint except admit that Thomas R. Frieden is the Commissioner of the New York City Department of Health and Mental Hygiene.

10.      Deny the allegations set forth in paragraph "10" of the Second Amended Complaint except admit that Thomas J. Breuers is the New York City Department of Health and Mental Hygiene Police Chief.

11.     Deny the allegations set forth in paragraph "11" of the Second Amended Complaint.

12.     Deny the allegations set forth in paragraph "12" of the Second Amended Complaint.

13.     Deny the allegations set forth in paragraph "13" of the Second Amended Complaint.

14.     Deny the allegations set forth in paragraph "14" of the Second Amended Complaint.

15.     Deny the allegations set forth in paragraph "15" of the Second Amended Complaint.

16.     Deny the allegations set forth in paragraph "16" of the Second Amended Complaint.

17.     Deny the allegations set forth in paragraph "17" of the Second Amended Complaint.

18.     Deny the allegations set forth in paragraph "18" of the Second Amended Complaint except admit that plaintiffs purport to invoke the jurisdiction of this court as set forth in that paragraph.

19.     Deny the allegations set forth in paragraph "19" of the Second Amended Complaint and respectfully refer the Court to the venue statute, 28 U.S.C. §1391 (b) for the full and accurate text and content thereof.

20.     Deny the allegations set forth in paragraph "20" of the Second Amended Complaint except admit that defendant NYCDHMH hired plaintiff Brow as a Special officer and

eventually he was assigned to the Public Health Laboratories, located at 455 First Avenue, New York New York 10016.

21.     Deny the allegations set forth in paragraph "21" of the Second Amended Complaint except admit that defendant NYCDHMH hired plaintiff Gangadeen as a Special officer on April 2, 2001 and eventually he was assigned to the Public Health Laboratories, located at 455 First Avenue, New York New York 10016.

22.     Deny the allegations set forth in paragraph "22" of the Second Amended Complaint except admit that defendant NYCDHMH hired plaintiff Halloway as a Special officer and eventually she was assigned to the Public Health Laboratories, located at 455 First Avenue, New York New York 10016.

23.     Deny the allegations set forth in paragraph "23" of the Second Amended Complaint except admit that defendant NYCDHMH hired plaintiff Reape as a Special officer and she was assigned to the Public Health Laboratories, located at 455 First Avenue, New York, New York 10016.

24.     Deny the allegations set forth in paragraph "24" of the Second Amended Complaint except admit that plaintiffs Gangadeen and Brow received extensive training and helped administer the Bio-Watch program, including biological and chemical terrorism preparedness, the control of weapons of mass destruction and the enforcement of the Tuberculosis Civil Detention Program.

25.     Deny the allegations set forth in paragraph "25" of the Second Amended Complaint.

26.     Deny the allegations set forth in paragraph "26" of the Second Amended Complaint except admit that on or about December 17, 2001, May 8, 2002 and October 24,

2006, plaintiff Gangadeen received a "Certificate of Appreciation" and respectfully refer the Court to such "Certificate of Appreciation" for the full and accurate text and content thereof.

27.    Deny the allegations set forth in paragraph "27" of the Second Amended Complaint except admit that plaintiff Gangadeen received a performance evaluation for the year 2006 and respectfully refer the Court to such performance evaluation for the full and accurate text and content thereof.

28.    Deny the allegations set forth in paragraph "28" of the Second Amended Complaint

29.    Deny the allegations set forth in paragraph "29" of the Second Amended Complaint.

30.    Deny the allegations set forth in paragraph "30" of the Second Amended Complaint.

31.    Deny the allegations set forth in paragraph "31" of the Second Amended Complaint.

32.    Deny the allegations set forth in paragraph "32" of the Second Amended Complaint.

33.    Deny the allegations set forth in paragraph "33" of the Second Amended Complaint

34.    Deny the allegations set forth in paragraph "34" of the Second Amended Complaint and further deny knowledge or information sufficient to form a belief as to whether the FBI swabs were mostly of areas at the drummer's house except admit that on or about February 13, 2006 the FBI brought 21 samples.

35. Deny the allegations set forth in paragraph "35" of the Second Amended Complaint.

36. Deny the allegations set forth in paragraph "36" of the Second Amended Complaint except admit that the lab results revealed positive results for traces of bacillus anthraces, a.k.a. anthrax.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Second Amended Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Second Amended Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Second Amended Complaint.

40. Deny the allegations set forth in paragraph "40" of the Second Amended Complaint and further deny knowledge or information sufficient to form a belief as to whether on or about June 26, 2007, plaintiff Gangadeen e-mailed defendant Breuers.

41. Deny the allegations set forth in paragraph "41" of the Second Amended Complaint.

42. Deny the allegations set forth in paragraph "42" of the Second Amended Complaint.

43. Deny the allegations set forth in paragraph "43" of the Second Amended Complaint and further deny knowledge or information sufficient to form a belief as to whether plaintiff complained to union representative Al Soto.

44. Deny the allegations set forth in paragraph "44" of the Second Amended Complaint.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Second Amended Complaint.

46.     Deny the allegations set forth in paragraph "46" of the Second Amended Complaint except deny knowledge or information sufficient to form a belief as to whether plaintiff Gangadeen wrote to senator Hillary Clinton and whether she responded.

47.     Deny the allegations set forth in paragraph "47" of the Second Amended Complaint and respectfully refer the Court to Title 42, Parts 72 and 73 of the Code of Federal Regulations, 42 CFR 72, 73 for the full and accurate text and content thereof.

48.     Deny the allegations set forth in paragraph "48" of the Second Amended Complaint.

49.     Deny the allegations set forth in paragraph "49" of the Second Amended Complaint.

50.     Deny the allegations set forth in paragraph "50" of the Second Amended Complaint and respectfully refer the Court to the reports plaintiff refers to for the full and accurate text and content thereof.

51.     Deny the allegations set forth in paragraph "51 of the Second Amended Complaint.

52.     Deny the allegations set forth in paragraph "52" of the Second Amended Complaint.

53.     Deny the allegations set forth in paragraph "53" of the Second Amended Complaint and further deny knowledge or information sufficient to form a belief as to whether on or about January 4, 2007 plaintiff Gangadeen wrote to defendant Breuers.

54.    Deny the allegations set forth in paragraph "54" of the Second Amended Complaint except admit that on or about April 19, 2007, plaintiff Gangadeen wrote to defendant Beatrice and respectfully refer the Court to such writing for the full and accurate text and content thereof.

55.    Deny the allegations set forth in paragraph "55" of the Second Amended Complaint.

56.    Deny the allegations set forth in paragraph "56" of the Second Amended Complaint except admit that on May 8, 2007 plaintiff Gangadeen e-mailed defendant Frieden and respectfully refer the Court to such e-mail for the full and accurate text and content thereof.

57.    Deny the allegations set forth in paragraph "57" of the Second Amended Complaint.

58.    Deny the allegations set forth in paragraph "58" of the Second Amended Complaint.

59.    Deny the allegations set forth in paragraph "59" of the Second Amended Complaint.

60.    Deny the allegations set forth in paragraph "60" of the Second Amended Complaint and further deny knowledge or information sufficient to form a belief as to whether plaintiff Reape was bitten, as to the nature of her injuries or as to her treatment.

61.    Deny the allegations set forth in paragraph "61" of the Second Amended Complaint except admit that plaintiff Reape submitted a note dated October 26, 2007 and respectfully refer the Court to such note for the full and accurate text and content thereof.

62.     Deny the allegations set forth in paragraph "62" of the Second Amended Complaint except admit that plaintiff Reape submitted a note dated November 30, 2007 and respectfully refer the Court to such note for the full and accurate text and content thereof.

63.     Deny the allegations set forth in paragraph "63" of the Second Amended Complaint.

64.     Deny the allegations set forth in paragraph "64" of the Second Amended Complaint/]

65.     Deny the allegations set forth in paragraph "65" of the Second Amended Complaint except admit that by letter dated March 7, 2008, NYCDHMH terminated plaintiff Reape and respectfully refer the Court to such letter for the full and accurate text and content thereof.

66.     Deny the allegations set forth in paragraph "66" of the Second Amended Complaint.

67.     Deny the allegations set forth in paragraph "67" of the Second Amended Complaint.

68.     Deny the allegations set forth in paragraph "68" of the Second Amended Complaint.

69.     Deny the allegations set forth in paragraph "69" of the Second Amended Complaint.

70.     Deny the allegations set forth in paragraph "70" of the Second Amended Complaint except admit that in or about February 2007, plaintiff Brow was transferred from the Public Health Laboratory to the Jamaica Health Clinic.

71.     Deny the allegations set forth in paragraph "71" of the Second Amended Complaint.

72.     Deny the allegations set forth in paragraph "72" of the Second Amended Complaint.

73.     Deny the allegations set forth in paragraph "73" of the Second Amended Complaint.

74.     Deny the allegations set forth in paragraph "74" of the Second Amended Complaint.

75.     Deny the allegations set forth in paragraph "75" of the Second Amended Complaint.

76.     In response to the allegations set forth in paragraph "76" of the Second Amended Complaint, City defendants repeat and reallege their responses to paragraphs "1"-"75" of the Second Amended Complaint with the same force and effect as if fully set forth herein.

77.     Deny the allegations set forth in paragraph "77" of the Second Amended Complaint and respectfully refer the Court to 42 U.S.C. §1983 for the full and accurate text and content thereof.

78.     Deny the allegations set forth in paragraph "78" of the Second Amended Complaint and further affirmatively state that this paragraph contains a legal argument rather than factual allegations.

79.     Deny the allegations set forth in paragraph "79" of the Second Amended Complaint.

80.     Deny the allegations set forth in paragraph "80" of the Second Amended Complaint.

81.    In response to the allegations set forth in paragraph "81" of the Second Amended Complaint, City defendants repeat and reallege their responses to paragraphs "1"-"75" of the Second Amended Complaint with the same force and effect as if fully set forth herein.

82.    Deny the allegations set forth in paragraph "82" of the Second Amended Complaint.

83.    Deny the allegations set forth in paragraph "83" of the Second Amended Complaint.

84.    Deny the allegations set forth in paragraph "84" of the Second Amended Complaint and further deny knowledge or information sufficient to form a belief as to plaintiff's communications with Senator Hillary Clinton.

85.    Deny the allegations set forth in paragraph "85" of the Second Amended Complaint and respectfully refer the Court to New York Civil Service Law §75-b for the full and accurate text and content thereof.

86.    Deny the allegations set forth in paragraph "86" of the Second Amended Complaint.

87.    Deny the allegations set forth in paragraph "87" of the Second Amended Complaint.

88.    Deny the allegations set forth in paragraph "88" of the Second Amended Complaint.

89.    Deny the allegations set forth in paragraph "89" of the Second Amended Complaint.

90.    Deny the allegations set forth in paragraph "90" of the Second Amended Complaint.

91.    Deny the allegations set forth in paragraph "91" of the Second Amended Complaint.

92.    In response to the allegations set forth in paragraph "92" of the Second Amended Complaint, City defendants repeat and reallege their responses to paragraphs "1"-"75" of the Second Amended Complaint with the same force and effect as if fully set forth herein.

93.    Deny the allegations set forth in paragraph "93" of the Second Amended Complaint.

94.    Deny the allegations set forth in paragraph "94" of the Second Amended Complaint.

95.    Deny the allegations set forth in paragraph "95" of the Second Amended Complaint and further deny knowledge or information sufficient to form a belief as to plaintiff's communications with Senator Hillary Clinton.

96.    Deny the allegations set forth in paragraph "96" of the Second Amended Complaint and respectfully refer the Court to New York Administrative Code §12-113 for the full and accurate text and content thereof.

97.    Deny the allegations set forth in paragraph "97" of the Second Amended Complaint.

98.    Deny the allegations set forth in paragraph "98" of the Second Amended Complaint.

99.    Deny the allegations set forth in paragraph "99" of the Second Amended Complaint.

100.    Deny the allegations set forth in paragraph "100" of the Second Amended Complaint.

101.    Deny the allegations set forth in paragraph "101" of the Second Amended Complaint.

102.    Deny the allegations set forth in paragraph "102" of the Second Amended Complaint.

103.    In response to the allegations set forth in paragraph "103" of the Second Amended Complaint, City defendants repeat and reallege their responses to paragraphs "1"-"75" of the Second Amended Complaint with the same force and effect as if fully set forth herein.

104.    Deny the allegations set forth in paragraph "104" of the Second Amended Complaint.

105.    Deny the allegations set forth in paragraph "105" of the Second Amended Complaint.

106.    Deny the allegations set forth in paragraph "106" of the Second Amended Complaint.

107.    Deny the allegations set forth in paragraph "107" of the Second Amended Complaint.

108.    In response to the allegations set forth in paragraph "108" of the Second Amended Complaint, City defendants repeat and reallege their responses to paragraphs "1"-"75" of the Second Amended Complaint with the same force and effect as if fully set forth herein.

109.    Deny the allegations set forth in paragraph "109" of the Second Amended Complaint.

110.    Deny the allegations set forth in paragraph "110" of the Second Amended Complaint.

111.    Deny the allegations set forth in paragraph "111" of the Second Amended Complaint.

112.    Deny the allegations set forth in paragraph "112" of the Second Amended Complaint.

### FOR A FIRST DEFENSE:

113.    The Second Amended Complaint fails to state a claim against the City defendants upon which relief may be granted.

### FOR A SECOND DEFENSE:

114.    Because when plaintiffs' made their alleged complaints regarding health and safety they were speaking pursuant to their duties as an employee, they cannot sustain a First Amendment claim.

### FOR A THIRD DEFENSE:

115.    Plaintiffs' alleged complaints do not relate to matters of public concern but rather relate to matters of personal interest.

### AS AND FOR A FOURTH DEFENSE:

116.    City defendants have not violated any rights, privileges or immunities secured to plaintiffs under the Constitution or laws of the United States, the State of New York, or of the City of New York nor have they violated any act of Congress providing for the protections of civil rights.

### AS AND FOR A FIFTH DEFENSE:

117.    All of City defendants' employment decisions and actions concerning the plaintiffs were based on legitimate, non discriminatory business considerations.

## AS AND FOR AN SIXTH DEFENSE

118.    The conduct of the City defendants was at all times lawful, proper and carried out in conformity with the Constitution and laws of the State of New York and all applicable rules and regulations of the City of New York.

## AS AND FOR A SEVENTH DEFENSE:

119.    The actions taken by the individual defendant Frieden with respect to plaintiffs were reasonable and taken in good faith, and therefore, the individual defendant Frieden is entitled to qualified immunity from suit and from liability for damages.

## AS AND FOR A EIGHTH DEFENSE:

120.    The Second Amended Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

## AS AND FOR A NINTH DEFENSE:

121.    The injuries, if any, alleged to be sustained by plaintiffs on the occasions mentioned in the Second Amended Complaint, were wholly, or in part, caused by the culpable conduct of plaintiffs.

## AS AND FOR A TENTH DEFENSE:

122.    Plaintiffs failed to mitigate damages.

## AS AND FOR AN ELEVENTH DEFENSE:

123.    Plaintiff Reape is not disabled.

**WHEREFORE**, City defendants respectfully request judgment dismissing the

Second Amended Complaint together with such other relief as the Court deems just and proper.

Dated:      New York, New York
            May 5, 2008

                    MICHAEL A. CARDOZO
                    Corporation Counsel of the
                        City of New York
                    Attorney for Defendants The City Of New York
                    New York City Department of Mental health and
                    Hygiene and Thomas R. Frieden,
                    100 Church Street
                    Room 2-171
                    New York, New York 10007
                    (212) 788-0897

            By:             _____
                    ISAAC KLEPFISH (IK 3478)
                    Assistant Corporation Counsel
                    iklepfis@law.nyc.gov

07 Civ. 10965 (DAC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MILFORD GANGADEEN, RONALD BROW,
SHARON HALLOWAY, and AKINDRA REAPE,

Plaintiffs,

- against -

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF HEALTH AND MENTAL
HYGIENE, THOMAS R. FRIEDEN, SARAH
BEATRICE and, THOMAS J. BREUERS,

Defendants.

## ANSWER TO SECOND AMENDED COMPLAINT

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for City Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Isaac Klepfish*
*Tel:  (212) 788-0897*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ......................................................, 200......*

*..................................................................................... Esq.*

*Attorney for.........................................................................*